UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No: 04 CR 38 |
| | ) | |
| ANTHONY CANTY | ) | Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

The United States of America (the "Government") brought a six-count indictment against Defendant, Anthony Canty. Count I charged Defendant with knowingly and intentionally possessing with intent to distribute a mixture or substance containing cocaine base, otherwise known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Count II charged Defendant with knowingly and intentionally possessing with intent to distribute a mixture containing heroin, in violation of 21 U.S.C. § 841(a)(1). Count III charged Defendant with knowingly and intentionally possessing with intent to distribute a mixture containing marijuana, in violation of 21 U.S.C. § 841(a)(1). Count IV charged Defendant with knowingly possessing firearms used in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A). Count V charged Defendant, who had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, of knowingly possessing firearms which had traveled in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Count VI charged Defendant with counterfeiting United States' currency, in violation of 18 U.S.C. § 471.

After a trial by jury, Defendant was found guilty of all crimes charged in the indictment. Defendant then filed, *pro se*, the motions currently pending before the Court. These motions contend that: (1) 18 U.S.C. § 922(g)(1) is facially unconstitutional because it violates the

Commerce Clause of the United States Constitution, Art. I § 8, cl. 3; (2) 18 U.S.C. § 922(g)(1) is unconstitutional as applied to this case because the only nexus the firearms have with interstate commerce was the manufacturing of the firearms outside the State of Illinois; (3) 18 U.S.C. § 922(g)(1) is unconstitutional because it does not contain a penalty clause in the statute; (4) the indictment should be dismissed, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (*Apprendi*), because each count fails to set forth the penalty Defendant faces; and (5) the evidence seized by the police at the time of Defendant's arrest should have been suppressed.

## ANALYSIS

Defendant first argues that 18 U.S.C. § 922 (g)(1) is facially unconstitutional. The Seventh Circuit, though, has held that § 922(g)(1) is constitutional. *E.g., United States v. Thompson*, 359 F.3d 470, 480 (7th Cir. 2004) (*Thompson*); *United States v. Bass*, 325 F.3d 847, 849 (7th Cir. 2003).

Defendant also argues that § 922(g)(1) is unconstitutional as applied to this case. According to Defendant, the only nexus the firearms have with interstate commerce was the manufacturing of the firearms outside the State of Illinois, which is insufficient. However, "[p]rior movement across state lines is sufficient to satisfy the interstate commerce clause requirement." *Thompson*, 359 F.3d at 480 n.17 (citing *United States v. Lemons*, 302 F.3d 769, 772 (7th Cir. 2002)). Defendant concedes that the firearms in this case were manufactured outside the State of Illinois. As such, § 922(g)(1) is constitutional as applied to this case.

Defendant next contends that 18 U.S.C. § 922(g)(1) is unconstitutional because it does not contain a penalty clause in the statute; the penalty clause is contained in 18 U.S.C. § 924. Defendant asserts that under *Apprendi*, every criminal offense statute must contain a penalty

2

without relying on another statute to determine the penalty. *Apprendi*, though, only holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Defendant provides no other support for this proposition. Further, in an opinion delivered after *Apprendi*, the Seventh Circuit extensively discussed the relationship between § 922(g) and § 924, thereby recognizing the validity of this statutory scheme. *United States v. Skidmore*, 254 F.3d 635, 641-42 (7th Cir. 2001) (*Skidmore*).

Defendant further argues that penalties must be included in the charged offense under *Apprendi* and that drug quantities must be included in the charged offense. However, penalties and drug offenses need not be included with the charged offense; any failure to do so just restricts the possible range of penalties available to the Government to the statutory maximums. *See, e.g., Knox v. United States*, 400 F.3d 519, 523 (7th Cir. 2005). Also, while not required to do so under *Skidmore*, 254 F.3d at 641-42, the Government included in Count V of the indictment that it will seek an enhanced sentence under 18 U.S.C. § 924(e)(1), which allows increased penalties against defendants that have three prior serious drug or violent felony convictions.

Lastly, Defendant contends that the evidence seized by the police at the time of Defendant's arrest should have been suppressed. This argument was considered and rejected in a Memorandum Order and Opinion dated January 18, 2005, which ruled upon a motion to suppress filed by Defendant.

3

## CONCLUSION

Defendant's *pro se* motions are denied.

Dated: May 17, 2005

JOHN W. DARRAH
United States District Judge