UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 04 CR 38 |
| ANTHONY CANTY, | Judge Thomas M. Durkin |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Anthony Canty filed a *pro se* motion seeking a reduced sentence based on Amendment 828 to the Sentencing Guidelines. R. 351. For the following reasons, his motion is denied.

In June 2004, Canty was charged with firearm and narcotics offenses and with making counterfeit currency. Specifically, he was charged in Counts One through Three with possessing heroin, cocaine, and marijuana with an intent to distribute, in violation of 21 U.S.C. § 841; in Count Four with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); in Count Five with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and in Count Six with counterfeiting currency, in violation of 18 U.S.C. § 471.

He was found guilty on all six counts after a jury trial and sentenced to 360 months' imprisonment. As detailed in the initial and supplemental presentence investigation reports ("PSR"), the Guidelines range for the narcotics offenses was driven by Canty's qualification as a career offender under U.S.S.G. §4B1.1 based on two previous controlled substance convictions. *United States v. Canty*, 364 F. App'x

1

269, 270 (7th Cir. 2010). As to the sentence imposed for the § 922(g)(1) conviction, the Court found that Canty qualified as an Armed Career Criminal under U.S.S.G. §4B1.4 based on the aforementioned two convictions and a 1979 conviction for aggravated battery. *Id.*

On appeal, the Seventh Circuit vacated the counterfeiting conviction, and after the Court granted the government's motion to dismiss that count, the case proceeded to resentencing. *Id.*; *United States v. Canty*, 499 F.3d 729 (7th Cir. 2007). At the resentencing hearing, defense counsel "replied in the negative" when asked whether Canty continued to object to being a career offender, and the Court resentenced Canty to the same 360-month term of imprisonment. *Canty*, 364 F. App'x at 270. Canty again appealed, claiming that the Court failed to calculate his Guidelines range. *Id.* He did not argue that the Court erred in concluding he qualified as a career offender or miscalculated the Guidelines range of 360 months to life. *Id.* The Seventh Circuit found no error. *Id.*

Since his second appeal, Canty has unsuccessfully moved for relief under 28 U.S.C. § 2255, Section 404 of the First Step Act of 2018, and Amendment 821 and for compassionate release. He now seeks relief under Amendment 828, which is an amendment to § 2K2.4, Application Note 4 of the Sentencing Guidelines. Resolving a circuit split, Amendment 828 makes clear that §3D1.2(c) permits grouping a felon-in-possession count with drug trafficking counts where the defendant also has a separate § 924(c) count. *See* R. 351-1. Canty claims that Amendment 828 has retroactive effect and asks the Court to modify his sentence by grouping his drug

2

trafficking counts (Counts One through Three) with his felon-in-possession count (Count Five). *See* R. 351 at 1–2.[1]

Amendment 828 does not apply retroactively. *See* U.S.S.G. §1B1.10. But, even if it did, Canty's request would be moot. Canty's counts were already grouped in the way he requests. *See* R. 356 at 5 ("In this case, Counts One, Two and Three were grouped up front, based upon the aggregate amount of drugs, pursuant to §3D1.2(d). Count Five, felon in possession of a firearm, is then grouped with that group of counts, pursuant to §3D1.2(b), in that the counts involve the same victim, society, and two or more acts connected by a common scheme, i.e., possession of narcotics with intent to distribute them and possession of firearms in relation to the drug trafficking."). So even if Amendment 828 applied retroactively, his Guidelines range would be calculated in the same way. For those reasons, Canty's motion is denied.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: March 24, 2025

---

[1] The Government mistakenly reads Canty's motion as complaining that the Court grouped the § 922(g)(1) count (Count Five) with the § 924(c) count (Count Four). The initial and updated PSRs make clear that Count Four was not subjected to any grouping. *See* R. 355 at ¶¶ 188–89; R. 356 at 5.