UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

ANTHONY CANTY,

Defendant.

No. 04 CR 38

Judge Thomas M. Durkin

MEMORANDUM OPINION AND ORDER

Defendant Anthony Canty filed *pro se* motions seeking an abeyance and a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, his motions are denied.

In February 2005, a jury convicted Canty of six counts of firearm and narcotics offenses and making counterfeit currency: Count One possessing a quantity of cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1); Count Two possessing a quantity of heroin and cocaine with intent to distribute, 21 U.S.C. § 841(a)(1); Count Three possessing a quantity of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1); Count Four possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C § 924(c)(1)(A); Count Five being a felon in possession of a firearm, 18 U.S.C §§ 922(g)(1) and 924(e)(1); and Count Six counterfeiting United States currency, 18 U.S.C § 471. *United States v. Canty*, 499 F.3d 729, 731–32 (7th Cir. 2007); R. 20. The presentence investigation report concluded that Canty was a career offender under U.S.S.G. § 4B1.1 based on two convictions for drug offenses in 1992 and 1996, and an armed career criminal under U.S.S.G. § 4B1.4 based on the aforementioned two

1

convictions and a 1979 conviction for aggravated battery. *United States v. Canty*, 364 F. App'x 269, 270 (7th Cir. 2010). The advisory guideline range was 360 months to life imprisonment and Canty was sentenced to 360 months' imprisonment. *Id.*

Canty appealed his counterfeiting conviction, which the Seventh Circuit vacated and remanded. *Id.* On remand, the counterfeiting count was dismissed, and Canty was resentenced to the same 360 months' imprisonment. *Id.* At resentencing, defense counsel did not object to the determination that Canty was a career offender. *Id.* Canty again appealed, claiming that the Court failed to calculate his Guidelines range. *Id.* He did not argue that the Court erred in concluding he qualified as a career offender or miscalculated the Guidelines range of 360 months to life. *Id.* at 271. The Seventh Circuit affirmed. *Id.*

Since his second appeal, Canty has unsuccessfully moved for relief under 28 U.S.C. § 2255, Section 404 of the First Step Act of 2018, Amendment 821, Amendment 828, and for compassionate release. These motions invoked the same substantive arguments under new guises—a retroactive change in the law or Guidelines makes him no longer qualify as a career offender. R. 366 at 1. Here, Canty again advances the same argument. R. 361. Canty claims, without citation, that a retroactive amendment to the 2025 United States Sentencing Guidelines entitles him to relief because it abolishes the categorical approach and alters the definition of "controlled substance offense" under § 4B1.2 thus disqualifying him from classification as a career offender. R. 361. This alleged amendment is also the basis for Canty's motion for abeyance. R. 360. However, no such amendment has gone into effect. *See* U.S.

Sentencing Commission, Guidelines Manual § 3E1.1 (Nov. 2025). Accordingly, Canty's arguments fail.

In his reply brief, Canty raises a new argument that his sentencing violated his 5th Amendment right to due process because the residual clause defining "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was deemed unconstitutionally vague by the Supreme Court in *United States v. Davis*, 588 U.S. 445, 470 (2019). R. 369 at 2. Although it is improper to raise a new argument in reply, the Court will address it nonetheless. This argument is irrelevant as Canty was never sentenced under 18 U.S.C. § 924(c)(3)(B). In Count Four, Canty was sentenced pursuant to 18 U.S.C § 924(c)(1)(A) for possession of a firearm in furtherance of a drug trafficking crime. This statutory provision authorizes heightened criminal penalties for possessing a firearm in connection with any federal "crime of violence *or* drug trafficking crime." § 924(c)(1)(A) (emphasis added). Canty's arguments center on the definition of "crime of violence" in § 924(c)(3)(B), while his sentence was in connection with a "drug trafficking crime" as defined in § 924(c)(2). Because the Court imposed an enhanced penalty in connection with drug trafficking, *Davis* does not apply.

To the extent that Canty imputes the same argument onto his sentence for Count Five being a felon in possession of a firearm under 18 U.S.C § 922(g)(1), his arguments also fail. Canty references *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the residual clause of the Armed Career Criminal Act. But "any claim based on the Supreme Court's invalidation of the residual clause of the Armed

3

Career Criminal Act" was already deemed both "procedurally barred and lacking in merit" in this case. R. 297 n.1.

For the foregoing reasons, Canty's motions are denied.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: April 7, 2026